IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL CALLAWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 08-073-GMS ) |
| DR. VANDUSEN, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Paul Callaway ("Callaway"), a former inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2, 6.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4, 9.) The court now proceeds to review and screen the complaint and its amendment pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Callaway filed a complaint, amended complaint and a motion for leave to file an amended complaint. (D.I. 2, 6, 10.) He asks that the defendants Dr. VanDusen and Correctional Medical Services be dismissed as defendants. The court will grant the motion for leave to file the amended complaint found at Docket Item 10, and the case will proceed on the attached amended complaint (hereafter "first amended complaint"). Accordingly the following individuals will be added as defendants: Dr. Zarandy ("Dr. Zarandy"), Ihoma Chuks ("Chuks"), and Nurse Jackie Doe ("Nurse Jackie"). All previously named defendants will be dismissed.

Callaway appears to suffer from a heart condition and high blood pressure. Callaway alleges that when he was housed at the DCC, Nurse Jackie repeatedly provided him the wrong

medication during December 2007. In early January 2007, he received treatment from the defendant Dr. Zarandy but, later in the month and even though Callaway condition's was critical, Dr. Zarandy refused to see him. Finally, Callaway alleges that was seen briefly by nurse practitioner Chuks on January 27, 2008. Callaway complains on that date Chuks did not have an EKG performed or check his blood pressure, although she gave Callaway nitroglycerin tablets.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 28 U.S.C. § 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does

not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Callaway is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Callaway proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

Callaway alleges deliberate indifference to a serious medical need. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In

order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to Callaway, he fails to state an actionable constitutional claim against Chuks or Nurse Jackie. At the most, the first amended complaint contains allegations that fall under the aegis of a medical malpractice/negligence claim


or disagreement with treatment, rather than deliberate indifference to a serious medical need. Therefore, the court will dismiss the claims against Chuks and Nurse Jackie for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will grant the motion to amend the complaint. (D.I. 10.) The case will proceed on the first amended complaint. Dr. VanDusen, Correctional Medical Services and the John and Jane Doe defendants will be dismissed from the case. Dr. Zarandy and Ihoma Chuks will be added as defendants. The claims against Chucks and Nurse Jackie will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Callaway will be allowed to proceed against Dr. Zarandy. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

May 16, 2008
Wilmington, Delaware



FILED

MAY 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL CALLAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-073-GMS |
| | ) |
| DR. VANDUSEN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of May, 2008, for the reasons set forth in the Memorandum issued this date,

1. The motion for leave to file an amended complaint is **granted**. (D.I. 10.) The first amended complaint is deemed filed instanter.

2. The defendants Correctional Medical Services, Dr. Vandusen, and John and Jane Doe are **dismissed** as defendants. Dr. Zarandy and Ihoma Chuks are **added** as defendants.

3. The claims against the defendants Ihoma Chuks and Nurse Jackie Doe are **dismissed** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). They are dismissed as defendants in this action.

4. The court has identified what appears to be a cognizable Eighth Amendment claim against the defendant Dr. Zarandy. Callaway is allowed to **proceed** against this defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **the remaining defendant Dr.**

**Zarandy** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **The plaintiff shall provide the court with copies of the first amended complaint for service upon the remaining defendant as well as the** Attorney General of the State of Delaware. **The plaintiff is notified that the United States Marshal will not serve the first amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the first amended complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of

Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

MAY 16 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE